**Parminder SINGH, aka Harjeet Singh, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77369.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 20, 2007.

TSZ–Hai Huang Fax, Rai & Associates, PC, San Francisco, CA, for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Allen W. Hausman, Attorney, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration LIT., Mark L. Gross, Esq., DOJ—U.S. Department of Justice, Civil Rights Division/Appellate Section, Ryan Morrison, U.S. Department of Justice, Civil Division Office of Immigration Litigation, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Parminder Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") decision that affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

"Where, as here, the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000) (internal quotation marks and citation omitted). We review for substantial evidence, *Baballah v. Ashcroft,* 367 F.3d 1067, 1073 (9th Cir.2004), and we grant the petition in part, deny it in part, and remand.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The IJ determined that Singh had established past persecution on account of imputed political opinion, and thus was entitled to a presumption that he had a well-founded fear of future persecution. *See Baballah,* 367 F.3d at 1078. Both the IJ and BIA found that the Government rebutted this presumption by presenting evidence of changed country conditions. The BIA's finding is not supported by substantial evidence, because the country report submitted by the Government did not provide insight into Singh's individual situation. *See Ruano v. Ashcroft,* 301 F.3d 1155, 1162 (9th Cir.2002); *Kataria v. INS,* 232 F.3d 1107, 1115 (9th Cir.2000). Because the record clearly shows the evidence of country conditions is not sufficient to rebut the presumption, we hold that Singh is eligible for asylum, and we remand this case to allow the Attorney General to: (1) exercise his discretion whether to grant asylum; and (2) grant withholding of removal. *See Ndom v. Ashcroft,* 384 F.3d 743, 756 (9th Cir.2004).

Substantial evidence supports the denial of Singh's CAT claim because he did not establish that it was more likely than not that he would be tortured if he returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION GRANTED in part, DENIED in part, and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).